UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON MCCARRICK,

    Plaintiff,

vs.                                                                                                  Case No. 12-11654

LAPEER COMMUNITY SCHOOLS,                                              HON. AVERN COHN
LAPEER COMMUNITY SCHOOLS BOARD
OF EDUCATION, DEBBIE THOMPSON,
TIMOTHY ZEEMAN, DANIEL RAYMOND,
in their individual and official capacities,

    Defendants.

_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS COUNT III (Doc. 5)**[1]

### I. Introduction

This is a § 1983 case. Plaintiff Brandon McCarrick was a student at Lapeer West High School. On the morning of April 13, 2010, Daniel Raymond, a fellow student, severely assaulted McCarrick at school. McCarrick initially sued (1) Lapeer Community Schools, (2) Lapeer Community Schools Board of Education, (3) Debbie Thompson, the superintendent of Lapeer Community Schools (4) Timothy Zeeman, the principal at Lapeer West High School and (5) Daniel Raymond. McCarrick claims: (I) Assault and Battery (Raymond); (II) Gross Negligence (Thompson and Zeeman); (III) Violation of Michigan's Child Protection Law, M.C.L. § 722.623 (all but Raymond); (IV) Violation of

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

the Fourteenth Amendment Due Process Clause (all but Raymond); and (V) Violation of 42 U.S.C. § 1983 - Supervisory Liability (all but Raymond).

Before the Court is Lapeer Community Schools, Thompson, and Zeeman's (collectively "defendants") motion to dismiss count III of the complaint.[2] For the following reasons, the motion will be granted.

## II. Background

The Court takes as true and recites the facts in McCarrick's complaint for purposes of the defendants' motion to dismiss.

On April 13, 2010, McCarrick attended school at Lapeer West High School. As he was standing at his locker, Raymond approached McCarrick and severely beat him. McCarrick lost consciousness and showed visible signs of bleeding from the beating. By the time he regained consciousness, McCarrick was in Zeeman's office, the principal of the school. McCarrick suffered a cerebral concussion, headaches, memory loss, and learning difficulties.

Earlier that morning, Raymond told Zeeman his plans to attack McCarrick. Raymond expressed to Zeeman his anger over McCarrick spreading rumors about Raymond. Zeeman did not do anything to prevent Raymond from acting on his threat. Furthermore, Zeeman did not inform police or emergency medical services, despite McCarrick's bloodied face and loss of consciousness. McCarrick called his parents himself to pick him up from school. When his parents arrived, Zeeman informed them that the incident was not serious, and that "boys will be boys." Zeeman did not want to

---

[2] The Court entered a stipulated order dismissing the case against the Board of Education (Doc. 11).

punish Raymond because he was a star athlete and the school wanted him to continue in the sports program.

Raymond pled guilty in state court to two counts of assault and battery.

### III.  Standard of Review

A Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted.  In reviewing a motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).  The court is not required to accept as true legal conclusions, conclusory statements, or mere recitations of the elements of a cause of action.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

"To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"  Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).  The plaintiff must "state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief."  Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citing Iqbal, 556 U.S. at 677).

### IV.  Discussion

The sole issue for consideration is whether Michigan's Child Protection Law,

M.C.L. § 722.623 ("CPL"), applies to defendants' failure to report McCarrick's beating to proper authorities. Defendants contend that the express language of the CPL does not require such disclosures. Rather, defendants say the CPL requires teachers to report child abuse or child neglect committed only by persons defined in M.C.L. § 722.623. According to defendants, an altercation between students at school does not meet the definition of child abuse or child neglect in the CPL because students are not statutorily defined in § 722.623. Defendants rely on People v. Beardsley, 263 Mich. App. 408 (2004).

McCarrick argues that a plain reading of the CPL requires reporting under the facts of this case. Specifically, McCarrick contends that Zeeman's failure to take protective measures when he had the ability to prevent the attack amounts to child neglect that is required to be reported under the CPL. McCarrick's complaint, however, fails to state such an allegation. Instead, McCarrick's complaint reads as asking the Court for relief under the CPL for the defendants' failure to report *Raymond's* actions.

### A. The CPL

The CPL requires school administrators, counselors or teachers, among others, to immediately report child abuse or child neglect to the Family Independence Agency ("FIA") when there is "reasonable cause to suspect child abuse or neglect." M.C.L. § 722.623(1)(a).

The CPL defines both child abuse and child neglect as follows:

> "Child abuse" means harm or threatened harm to a child's health or welfare that occurs through nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment, by a parent, a legal guardian, or any other person responsible for the child's health or welfare or by a

4

>teacher, a teacher's aide, or a member of the clergy.

M.C.L. § 722.622(f).

>"Child neglect" means harm or threatened harm to a child's health or welfare by a parent, legal guardian, or any other person responsible for the child's health or welfare that occurs through either of the following:
>  (*i*) Negligent treatment, including the failure to provide adequate food, clothing, shelter, or medical care.
>  (*ii*) Placing a child at an unreasonable risk to the child's health or welfare by failure of the parent, legal guardian, or other person responsible for the child's health or welfare to intervene to eliminate that risk when that person is able to do so and has, or should have, knowledge of the risk.

M.C.L. § 722.622(j).

The central purpose of the CPL is to allow for reporting of child abuse and neglect in instances where it frequently goes unreported, "i.e., when perpetrated by family members or others with control over the child." Beardsley, 263 Mich. App. at 413. The act seeks "to protect children when the persons who normally do the reporting are actually the persons responsible for the abuse, and thus unlikely to report it." Id. at 413-14. The Michigan Court of Appeals made clear that mandated reports of child abuse to the FIA are only required when the suspected perpetrator is a person specifically enumerated in the CPL's definition of child abuse or neglect. Id. at 416 n.3; see also Doe v. Doe (on rem), 289 Mich. App. 211, 216 (2010).

### B. McCarrick's Complaint

McCarrick's argument that defendants had a duty under the CPL to report Raymond's actions to the FIA is misguided. In essence, McCarrick asks the Court to find defendants liable for failing to report Raymond's actions. McCarrick does not allege

5

any abuse or neglect committed by a person expressly enumerated in the CPL, as the Michigan Court of Appeals required in Beardsley.

McCarrick's attempt to limit Beardsley as applying only to child abuse and not child neglect does not have merit. Just as the definition of child abuse, the definition of child neglect in the CPL is limited to harm by "a parent, legal guardian, or any other person responsible for the child's health or welfare. . . ." M.C.L. § 722.622(j). In Beardsley, the court of appeals rejected the plaintiff's claim that the modifiers relating to parents, legal guardians, school teachers, or other adults did not apply to the entire definition of child abuse. Instead, the court looked at the preamble to the CPL to give effect to the statute's purpose. Beardsley, 263 Mich. App. at 413. "The preamble to the CPL states that the purpose of the CPL is, in part 'to require the reporting of child abuse and neglect by certain persons.' " Id. Thus, the court of appeals reasoned that the modifiers limiting the statute's application reflect the legislature's intent to require reporting only when child abuse or neglect is committed by "family members or others with control over the child." Id. In fact, the court of appeals noted that the typical parent or teacher is the first to report child abuse, and the purpose of the CPL is to force reporting when those who normally report are responsible for the abuse or neglect. Id.

In his response, McCarrick states that Zeeman is liable for child neglect, which should have been reported by someone at the school. However, count III of McCarrick's complaint fails to plead that allegation. Count III of the complaint alleges:

> 46. Defendants had actual knowledge of the assaults and batteries on Plaintiff and had a duty to report the matter, but failed to do so.
> 47. Defendants failed to report the abuse committed against Plaintiff.

6

> 48. Defendants had probable cause to believe that Defendant Raymond was a dicipline concern and Defendants had probable cause to belief that Plaintiff might be endangered.

Under <u>Beardsley</u>, there is no duty to report to the FIA unless the suspected perpetrator is a person specifically enumerated in the CPL. 263 Mich. App. at 416. Because McCarrick cannot amend his complaint through a response brief, <u>see Jocham v. Tuscola County</u>, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003), the complaint, as currently plead, fails to state a claim upon which relief can be granted.

### V.  CONCLUSION

For the reasons above, defendants' motion to dismiss is GRANTED. Count III is DISMISSED.

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  August 21, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 21, 2012, by electronic and/or ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5160